FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 21 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00430-BNB

JOHN ERNEST DADE,

     Applicant,

v.

WARDEN WANDS,

     Respondent.

---

## ORDER DENYING PRELIMINARY INJUNCTION

---

The matter is before the Court on Applicant's request for injunctive relief, including a temporary restraining order and preliminary injunction, as set forth in Document Nos. 1 and 4.

Mr. Dade filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on March 3, 2011, and an Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on March 23, 2011. He paid the $5.00 filing fee in this action on March 21, 2011.

In the Motions for Injunctive Relief, which appear to be identical, Mr. Dade asks this Court to issue an order compelling the Department of Justice and the Bureau of Prisons "to cease and disist [sic] from any further withdrawals of funds from the movants [sic] inmate trust fund account." Motions at 1. Mr. Dade appears to allege that the Inmate Financial Responsibility Program (IFRP) is illegal. He further alleges that he has been retaliated against by prison officials for his refusal to participate in the IFRP.

The Court must construe the Motions liberally because Mr. Dade is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Motions will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b).

Mr. Dade fails to allege specific facts that demonstrate he is facing immediate and irreparable injury. Mr. Dade's claim that the BOP has used threats and "strong arm tactics" against him in order to force him to participate in the IFRP is vague and conclusory. Motion at 1. The Court further notes that Mr. Dade's requests for injunctive relief do not address his claim of immediate and irreparable harm and simply are requests that may be granted if the Court were to rule in his favor in this case. Accordingly, it is

2

ORDERED that Mr. Dade's requests for injunctive relief, as set forth in Document Nos. 1 and 4, are DENIED.

DATED at Denver, Colorado, this __21st__ day of _____April_____, 2011.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK
United States District Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00430-BNB

John Ernest Dade
Prisoner No.  10381023
FCI Florence
PO Box 6000
Florence, CO 81226

      I hereby certify that I have mailed a copy of the **ORDER** to the above-named
individuals on April 21, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
                   Deputy Clerk