**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-00430-WJM-MJW

JOHN ERNEST DADE,

      Petitioner,

v.

WARDEN WANDS,

      Respondent.

---

**ORDER AFFIRMING AND ADOPTING IN ITS ENTIRETY
RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

---

      This matter is before the Court on Petitioner John Ernest Dade's Objection (ECF No. 35) to the Magistrate Judge's Recommendation (ECF No. 34) that Dade's (Amended) Application for a Writ of Habeas Corpus (ECF No. 7) be denied and dismissed, and that three other pending motions filed by Dade (ECF No. 20, 25, 26) also be denied.  For the following reasons, Dade's Objection to the Magistrate Judge's Recommendation is OVERRULED, and the Magistrate Judge's Recommendation is AFFIRMED and ADOPTED in its entirety.

      When a magistrate judge issues a recommended outcome on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court.").

Here, Dade's Objection effectively challenges all of the recommendations made by U.S. Magistrate Judge Michael J. Watanabe, and therefore this Court reviews all of those issues *de novo*.

This action challenges the Federal Bureau of Prisons' ("BOP's") Inmate Financial Responsibility Program ("IFRP"), and specifically BOP's use of the IFRP to make monthly deductions from Dade's trust fund account to pay a fine assessed as part of his criminal sentence.  Dade's Objection to Magistrate Judge Watanabe's Recommendation reiterates the same arguments that Magistrate Judge Watanabe explicitly considered and rejected in the Recommendation.  Those arguments are that:  (1) the IFRP is unconstitutional and BOP lacked authority to create the IFRP; (2) Dade's participation in the IFRP was not voluntary because he only agreed to participate in the IFRP because of threats made against him (placing him in segregation and transferring him to another prison); and (3) BOP did not have the authority to withdraw more than $25 per month from Dade's trust fund account.

The Court has carefully analyzed these same arguments as part of its *de novo* review in this matter.  The Court concludes that Magistrate Judge Watanabe's analysis and resulting recommendations as to each of these issues are correct.  In a thorough and well-reasoned report, Magistrate Judge Watanabe addressed each of Dade's arguments, and explained, with strong legal support, why each argument lacked merit.

For the foregoing reasons, it is hereby ORDERED that:

1. Dade's Objection (ECF No. 35) to the Magistrate Judge's Recommendation is OVERRULED;

2. The Magistrate Judge's Recommendation on Application for Writ of

    Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 34) is AFFIRMED and ADOPTED in its entirety;

3. Dade's (Amended) Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 7) is DENIED;

4. Dade's Motion to Reconsider (ECF No. 20) the Court's order denying his motion for a temporary restraining order is DENIED; and

5. Dade's Motions for Summary Judgment (ECF No. 25, 26) are DENIED.

6. This action is DISMISSED WITH PREJUDICE. Each party shall bear his own costs and attorney's fees.

Dated this 20th day of October, 2011.

BY THE COURT:

_____
William J. Martinez
United States District Judge