**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-00430-WJM-MJW

JOHN ERNEST DADE,

       Petitioner,

v.

WARDEN WANDS,

       Respondent.

---

**ORDER DENYING MOTION TO ALTER OR AMEND THE JUDGMENT**

---

       This matter is before the Court on John Ernest Dade's November 2, 2011 "Petition for Rehearing" (ECF No. 40), which challenges the Court's Order dismissing this action with prejudice (ECF No. 38). The Court construes Dade's "Petition for Rehearing" as a Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e) (the "Motion"). So construed, for the following reasons the Motion is DENIED.

       The three major grounds that justify reconsideration under Rule 59(e) are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Dade's Motion does not identify any intervening change in controlling law or any new evidence in the case. Instead, Dade appears to base his Motion on the contention that this Court clearly erred in dismissing the action.

In the Motion, Dade argues that the Court's Order dismissing the action failed to specifically address certain arguments made by Dade in this action, for example, what the term "voluntary" means in the Federal Bureau of Prisons' ("BOP's") Inmate Financial Responsibility Program ("IFRP"), and what the term "extortion" means under 18 U.S.C. § 872. (ECF No. 40, at 1.) Dade expresses concern that this Court's failure to specifically address these arguments might not preserve the issues for appeal to the Tenth Circuit. (*Id.* at 2.)

In the Order dismissing the action, the Court specifically addressed what appeared to be Dade's three primary arguments in his habeas petition. (ECF No. 38, at 2; *see also* ECF No. 34.) However, in its evaluation the Court considered every argument raised by Dade in this action, and implicitly rejected those arguments not specifically discussed in the Court's Order. There is no requirement for a court to specifically address each and every argument raised by a party in papers filed with the Court. *See United States v. Palomino-Rodriguez*, 301 F. App'x 822, 824 (10th Cir. 2008) (in criminal sentencing context, court stated that the district court "was not required to specifically address each argument" made by the defendant); *Fin. Control Assocs., Inc. v. Equity Builders, Inc.*, 812 F. Supp. 198, 202 (D. Kan. 1993) ("[T]here is no requirement that the court's written memorandum and order specifically address and discuss each and every argument advanced by the parties."). Further, as long as a party sufficiently raises an issue before the district court, the issue will be preserved for appeal even if the district court did not specifically address the issue. *See Pest Comm. v. Miller*, 626 F.3d 1097, 1110 (9th Cir. 2010); *Kaczmarek v. Rednour*, 627 F.3d 586, 595 (7th Cir. 2010).

Because Plaintiff has not shown that there was an intervening change in the law, newly discovered evidence, or the need to correct clear error or manifest injustice, Plaintiff's "Petition for Rehearing" (ECF No. 40), which the Court construes as a Motion to Alter or Amend the Judgment, is DENIED.

Dated this 11th day of April, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge