IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-0430-WJM-MJW

JOHN ERNEST DADE,

Petitioner,

v.

WARDEN WANDS,

Respondent.

---

**RECOMMENDATION ON
(1) RESPONDENT'S EMERGENCY MOTION TO AUTHORIZE PETITIONER'S TRANSFER (Docket No. 60)
AND
(2) PETITIONER'S EMERGENCY MOTION IN RESPONSE TO THE GOVERNMENTS [SIC] BRIEF (Docket No. 67)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case issued by Judge William J. Martinez on July 12, 2011 (Docket No. 31).

**BACKGROUND**

On March 23, 2011, petitioner John Ernest Dade filed an amended application for writ of habeas corpus (Docket No. 7). The petition was denied and the action was dismissed with prejudice on October 20, 2011 (Docket No. 38). On November 3, 2011, petitioner filed a Rule 59(e) motion to alter or amend the final judgment (Docket No. 4) and a notice of appeal (Docket No. 41). The Tenth Circuit abated petitioner's appeal due to petitioner's Rule 59(e) motion. The Rule 59(e) motion was denied on April 11, 2012 (Docket No. 54), and petitioner's appeal has since resumed.

2

**PENDING MOTIONS**

Now before the court for a report and recommendation are Respondent's Emergency Motion to Authorize Petitioner's Transfer (Docket No. 60) and Petitioner's Emergency Motion in Response to the Governments [sic] Brief (Docket No. 67). Respondent filed a supplement to their motion on May 8, 2012 (Docket No. 65). The court has carefully reviewed the motions, the supplement, the court's file, and applicable Federal Rules of Civil Procedure and case law. The court now being fully informed, makes the following findings, conclusions of law, and recommendations.

Petitioner is proceeding *pro se*. The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. Trackwell v. U.S. Gov't, 472 F.3d 1242, 1243 (10th Cir. 2007). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers). However, a *pro se* litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. See Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983); Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

3

Respondent's motion seeks leave to authorize the transfer of petitioner from the Federal Correctional Institution in Florence, Colorado ("FCI-Florence") to a Federal Bureau of Prisons ("BOP") institution outside Colorado. Respondent argues a transfer is needed because petitioner was re-classified and must be transferred to a lower security institution which is appropriate for his security needs. Respondent also contends that petitioner requested the transfer and therefore he will not suffer any prejudice, he will be able to continue to prosecute this action on appeal, and the court's jurisdiction will not be divested. Respondent's supplement, filed two weeks after respondent's motion, states that petitioner was transferred from FCI-Florence to the Victorville Federal Correctional Complex in Victorville, California. The supplement does not specify when this transfer took place. Further, the supplement states that petitioner is to be transferred to another institution in California at some future time.

In response to respondent's motion, petitioner states that he was transferred to the United States Penitentiary in Lompac, California, on May 14, 2012. Petitioner states that he did not request or agree to the transfer, and seeks his immediate return to Colorado.

"Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party." Fed. R. App. P. 23(a).

4

"The purpose of Rule 23(a) is to prevent officials from frustrating an inmate's efforts to obtain habeas relief by physically removing him from the territorial jurisdiction of the court in which the petition is pending." Strachan v. Army Clemency & Parole Bd., 151 F.3d 1308, 1313 (10th Cir. 1998). "Once the officials demonstrate a legitimate, non-retaliatory reason independent of the litigation in support of their application, an opposing inmate must establish that 'the transfer would deprive the court of jurisdiction or substantially complicate the conduct of the litigation.'" Id. (quoting Ward v. U.S. Parole Comm'n, 804 F.3d 64, 66 (7th Cir. 1986)).

The court is concerned about respondent's obvious and open violation of Rule 23(a). Respondent provides no explanation for why petitioner was transferred without permission from the court; respondent simply cites to a Tenth Circuit case in which a transfer was retroactively approved. While it may be inconvenient for respondent to seek permission from the court and wait for an order, the Federal Rules of Appellate Procedure expressly dictate this procedure.

Nevertheless, the court finds that petitioner's security re-classification is a legitimate, non-retaliatory, independent reason for petitioner's transfer. Respondent is correct that following his transfer, petitioner is still required to show that the "transfer resulted in prejudice to the prosecution of the pending habeas action." See id. at 1312; see also Hammer v. Meachum, 691 F.2d 958, 961 (10th Cir. 1982) ("While we do not condone such blatant violation of the appellate rules, we nevertheless deny petitioner's motion because he has not been prejudiced by the transfer.").

The court finds that petitioner has failed to shown that his transfer has resulted in prejudice to the prosecution of his pending appeal. First, a transfer made in violation of

Rule 23(a) does not divest the reviewing court of jurisdiction. Hammer, 691 F.2d at 961. Second, while petitioner goes into some detail as to why he does not wish to be incarcerated in Lompac, none of petitioner's reasons directly concern his ability to prosecute his appeal. The reviewing court still has jurisdiction over petitioner's matter, and petitioner will be able to prosecute his appeal in the same manner he did while incarcerated in Colorado (save for a slightly longer transit time for mail). Accordingly, the court finds petitioner has not been prejudiced by his transfer.

The court does have some concern over pleadings petitioner may not have received due to his transfer. Accordingly, respondent is ordered to ensure that the BOP provides petitioner with any and all pleadings he has not received. Further, the court cautions respondent that in the future every effort must be made to comply with Rule 23(a).

**WHEREFORE,** for the foregoing reasons it is hereby

**RECOMMENDED** that Respondent's Emergency Motion to Authorize Petitioner's Transfer (Docket No. 60) be **GRANTED**. It is further

**RECOMMENDED** that Petitioner's Emergency Motion in Response to the Governments [sic] Brief (Docket No. 67) be **DENIED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need**

6

**not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: May 30, 2011                            <u>s/ Michael J. Watanabe</u>
       Denver, Colorado                Michael J. Watanabe
                                                 United States Magistrate Judge