**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 11-cv-00430-WJM-MJW

JOHN ERNEST DADE,

      Petitioner,

v.

LINDA SANDERS,

      Respondent.

---

**ORDER (1) OVERRULING PETITIONER'S OBJECTION AND AFFIRMING
THE RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE; (2)
GRANTING RESPONDENT'S MOTION TO SUBSTITUTE PARTY; (3) DENYING
PETITIONER'S SECOND PLEA FOR THE COURT'S INTERVENTION AND
PROTECTION; (4) DISCHARGING THE COURT'S ORDER TO SHOW CAUSE; AND
(5) DENYING PETITIONER'S MOTION FOR INJUNCTIVE RELIEF**

---

This matter is before the Court on: (1) the May 30, 2012 Recommendation by

U.S. Magistrate Judge Michael J. Wantanabe (the "Recommendation") (ECF No. 69)

that Respondent's Emergency Motion to Authorize Petitioner's Transfer (ECF No. 60)

be granted, and that Petitioner's Emergency Motion in Response to the Governments

[sic] Brief (ECF No. 67) be denied[1]; (2) Respondent's Motion to Substitute Respondent

(ECF No. 72); (3) Petitioner's Second Plea for the Court's Intervention and Protection

(ECF No. 78); (4) this Court's Order to Show Cause Why Respondent Should Not be

Held in Contempt (ECF No. 75); and (5) Petitioner's Motion for Injunctive Relief (ECF

No. 83).

---

[1]     The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. §
636(b)(1)(B); Fed. R. Civ. P. 72(b).

## I.  BACKGROUND

Petitioner John Ernest Dade filed an amended application for writ of *habeas corpus* on March 23, 2011.  (ECF No. 7.)  On April 29, 2011, the Court issued an Order to Show Cause (the "Order") which included an order that "the applicant [Petitioner] shall remain in custody and within the jurisdiction of this court until further order."  (ECF No. 21.)  Petitioner's writ of *habeas corpus* was subsequently denied and dismissed with prejudice on October 20, 2011.  (ECF No. 38.)

On November 3, 2011, Petitioner filed a Rule 59(e) motion to alter or amend the final judgment, and also filed a notice of appeal.  (ECF No. 41.)  The Tenth Circuit abated Petitioner's appeal due to his Rule 59(e) motion.  The Court denied Petitioner's Rule 59(e) motion on April 11, 2012 (ECF No. 54), and his appeal has since resumed.

On April 24, 2012, Respondent filed an Emergency Motion to Authorize Petitioner's Transfer.  (ECF No. 60.)  Respondent's Emergency Motion seeks leave to authorize the transfer of petitioner from the Federal Correctional Institution in Florence, Colorado ("FCI-Florence") to a Federal Bureau of Prisons ("BOP") institution outside Colorado.  Respondent filed a Supplement to his Emergency Motion on May 8, 2012.  (ECF No. 65.)  Respondent's Supplement states that Petitioner was transferred from FCI-Florence to the Victorville Federal Correctional Complex in Victorville, California.

On May 21, 2012, Petitioner filed an Emergency Motion in Response to the Governments [sic] Brief.  (ECF No. 67.)  Petitioner's Emergency Motion seeks his immediate return to a BOP facility in Colorado.

On May 30, 2012, the Magistrate Judge issued his Recommendation that Respondent's Emergency Motion to Authorize Petitioner's Transfer be granted and that

Petitioner's Emergency Motion in Response to the Governments [sic] Brief be denied because Petitioner has not been prejudiced by his transfer to a BOP facility outside of Colorado.  (ECF No. 69.)  However, the Magistrate Judge noted his concern over Respondent's "obvious and open violation of [Federal] Rule [of Appellate Procedure] 23(a)" in transferring Petitioner without first obtaining permission from the Court.  (*Id.* at 4.)

On June 4, 2012, Petitioner filed a timely Objection to the Recommendation. (ECF No. 70.)  On June 8, 2012, Respondent filed a Response to Petitioner's Objection.  (ECF No. 74.)

On June 5, 2012, Respondent filed a Motion to Substitute Respondent.  (ECF No. 72.)  Respondent seeks to substitute Petitioner's current custodian, Linda Sanders, the warden at the Federal Correctional Institution in Lompoc, California ("FCI Lompoc"), for Respondent Julie Wands, who is no longer Petitioner's custodian.

On June 11, 2012, this Court issued an Order for Respondent to Show Cause why Respondent should not be held in contempt of Court for violating this Court's April 29, 2011 Order (ECF No. 21) that Petitioner shall remain in custody and within the jurisdiction of this Court until further order.  Respondent filed a Response to the Order to Show Cause on June 19, 2012.  (ECF No. 81.)

On June 15, 2012, Petitioner filed a Second Plea for the Court's Intervention and Protection.  (ECF No. 78.)  Petitioner's Second Plea again seeks his immediate return to Colorado.

On June 22, 2012, Petitioner filed a Motion for Injunctive Relief.  (ECF No. 83.) Petitioner's Motion for Injunctive Relief again seeks his immediate return to Colorado.

3

For the reasons stated below: (1) Plaintiff's objections to the Recommendation are overruled; (2) the Magistrate Judge's Recommendation is adopted in its entirety; (3) Respondent's Emergency Motion to Authorize Petitioner's Transfer is granted; (4) Petitioner's Emergency Motion in Response to the Governments [sic] Brief is denied; (5) Respondent's Motion to Substitute Respondent is granted; (6) Petitioner's Second Plea for the Court's Intervention and Protection is denied; (7) this Court's Order to Show Cause is discharged; and (8) Petitioner's Motion for Injunctive Relief is denied.

## II.  LEGAL STANDARDS

When a Magistrate Judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the District Court Judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id*.

Further, in considering the Magistrate Judge's Recommendation in the instant case, the Court is also mindful of Petitioner's *pro se* status, and accordingly, reads his pleadings and filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in Petitioner's use of legal terminology and proper English. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  *Pro se* status does not relieve Petitioner of the duty to comply with various rules and procedures governing litigants and counsel or the requirements of the substantive law and, in these regards, the Court will treat Petitioner according to the same standard as counsel licensed to

4

practice law before the bar of this Court. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

### III. ANALYSIS

Before the Court are: (1) the May 30, 2012 Recommendation that Respondent's Emergency Motion to Authorize Petitioner's Transfer be granted, and that Petitioner's Emergency Motion in Response to the Governments [sic] Brief be denied; (2) Respondent's Motion to Substitute Respondent; (3) Petitioner's Second Plea for the Court's Intervention and Protection; (4) this Court's Order to Show Cause Why Respondent Should Not be Held in Contempt; and (5) Petitioner's Motion for Injunctive Relief.

The Court will address each in turn below.

### A.	The May 30, 2012 Recommendation

The Magistrate Judge recommends in his May 30, 2012 Recommendation that Respondent's Emergency Motion to Authorize Petitioner's Transfer be granted and that Petitioner's Emergency Motion in Response to the Governments [sic] Brief be denied because Petitioner has not been prejudiced by his transfer. (ECF No. 69 at 4-5.) Petitioner objects to these findings by essentially reiterating arguments that he presented to the Magistrate Judge, and asserting that he should be immediately returned to Colorado. (ECF No. 70.) The Court will review *de novo* each portion to which a specific objection was made. Otherwise, the Court will review the Recommendation for clear error. Fed. R. Civ. P. 72(b)(3).

The Court has thoroughly reviewed the May 30, 2012 Recommendation and agrees with the Magistrate Judge that Respondent's Emergency Motion to Authorize

5

Petitioner's Transfer be granted and that Petitioner's Emergency Motion in Response to the Governments [sic] Brief be denied.

"Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party." Fed. R. App. P. 23(a).

"The purpose of Rule 23(a) is to prevent officials from frustrating an inmate's efforts to obtain habeas relief by physically removing him from the territorial jurisdiction of the court in which the petition is pending." *Strachan v. Army Clemency & Parole Bd.*, 151 F.3d 1308, 1313 (10th Cir. 1998). "Once the officials demonstrate a legitimate, non-retaliatory reason independent of the litigation in support of their application, an opposing inmate must establish that 'the transfer would deprive the court of jurisdiction or substantially complicate the conduct of the litigation.'" *Id*. (quoting *Ward v. U.S. Parole Comm'n*, 804 F.3d 64, 66 (7th Cir. 1986)).

This Court, like the Magistrate Judge, is concerned about Respondent's clear and brazen violation of Rule 23(a), an action undertaken without first obtaining from this Court or the Tenth Circuit Court of Appeals leave to transfer Petitioner to the California BOP facility. However, in order to obtain the relief Petitioner seeks, he is required to show that the "transfer resulted in prejudice to the prosecution of the pending habeas action." *Strachan*, 151 F.3d at 1312; *see also Hammer v. Meachum*, 691 F.2d 958, 961

6

(10th Cir. 1982) ("While we do not condone such blatant violation of the appellate rules, we nevertheless deny petitioner's motion because he has not been prejudiced by the transfer.").

The Court finds that Petitioner's security re-classification is a legitimate, non-retaliatory, independent reason for his transfer, and that Petitioner has failed to shown that his transfer has resulted in any prejudice to him.  A transfer made in violation of Rule 23(a) does not divest either this Court or the Tenth Circuit of jurisdiction.  *See Hammer*, 691 F.2d at 961.  Therefore, Petitioner has not suffered prejudice as a result of his transfer.  *Id*.  Accordingly, Respondent's Emergency Motion to Authorize Petitioner's Transfer is granted, and Petitioner's Emergency Motion in Response to the Governments [sic] Brief is denied.

## B.     Motion to Substitute Respondent

Respondent has also filed a Motion to Substitute Respondent.  (ECF No. 72.) Respondent seeks to substitute Petitioner's current custodian, Linda Sanders, the warden at the Federal Correctional Institution in Lompoc, California ("FCI Lompoc"), for Respondent Julie Wands, who is no longer Petitioner's custodian.

Rule 25(d) provides that when a party in his official capacity "otherwise ceases to hold office while the action is pending," "[t]he officer's successor is automatically substituted."  Fed. R. Civ. P. 25(d).  "The court may order substitution at any time, but the absence of such an order does not affect the substitution."  *Id*.

Here, substitution will bring Petitioner's current custodian within the jurisdiction of this Court.  *See Fletcher v. Reilly*, 433 F.3d 867, 875 (D.C. Cir. 2006) (noting that the government may substitute the prisoner's new custodian to bring him within the

jurisdiction of the court).  As such, Respondent's Motion to Substitute Respondent is granted.

**C.      Petitioner's Second Plea for the Court's Intervention and Protection**

Before the Court had an opportunity to rule of the May 30, 2012 Recommendation, Petitioner filed a Second Plea for the Court's Intervention and Protection.  (ECF No. 78.)  Petitioner's Second Plea also seeks his immediate return to Colorado, which is the same relief Petitioner sought in his Emergency Motion in Response to the Governments [sic] Brief (ECF No. 67) and his Objection to the Magistrate Judge's May 30, 2012 Recommendation (ECF No. 70).

For the reasons described above, Petitioner's Second Plea for the Court's Intervention and Protection is denied.

**D.      Order to Show Cause**

On June 11, 2012, this Court issued an Order for Respondent to Show Cause why Respondent should not be held in contempt of Court for violating this Court's April 29, 2011 Order that Petitioner shall remain in custody and within the jurisdiction of this Court until further order.  Respondent filed a Response to the Order to Show Cause on June 19, 2012.  (ECF No. 81.)

In Respondent's Response to the Order to Show Cause, Respondent explained that the BOP made an inadvertent error, based upon "an apparent misunderstanding between the AUSA and agency counsel," in transferring Petitioner to a BOP facility outside of Colorado prior to this Court's ruling on Respondent's Emergency Motion to Authorize Petitioner's Transfer.  (*Id*. at 5-6.)  Respondent further apologized to the Court for this error and stated that corrective measures will be taken to prevent any

such error from occurring in the future.  (*Id.*)

Respondent is advised that this Court is not pleased with the cavalier manner in which its clear and unambiguous order was violated.  Moreover, Respondent is advised any future such contemptuous conduct will result in adverse consequences both for Respondent and her counsel.  The Court is convinced, however, that because Petitioner has suffered no prejudice as a result of his transfer, and given the explanation and assurances provided in Respondent's Response to the Order to Show Cause, that the appropriate action for the Court to take at this juncture of the proceedings is to discharge the Order to Show Cause.

## E.     Motion for Injunctive Relief

Lastly, on June 22, 2012, Petitioner filed a Motion for Injunctive Relief seeking his immediate return to Colorado.  (ECF No. 83.)  Thus, Petitioner's Motion for Injunctive Relief seeks the same relief Petitioner sought in his Emergency Motion in Response to the Governments [sic] Brief (ECF No. 67), his Objection to the Magistrate Judge's May 30, 2012 Recommendation (ECF No. 70), and Second Plea for the Court's Intervention and Protection (ECF No. 78).

For the reasons described above, Petitioner's Motion for Injunctive Relief is denied.

## F.     Instruction to Parties

**In the Court's view, this Order definitively resolves all issues briefed and considered by the Court to date, and as a result no further matters remain pending in this Court.  Given that Petitioner's case is now before the Tenth Circuit Court of Appeals, NO FURTHER SUBMISSIONS from either party will be**

9

**accepted or considered by this Court on any of the issues disposed of in this**

**Order.**

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.  Petitioner's objections to the Magistrate Judge's May 30, 2012 Recommendation (ECF No. 70) are OVERRULED and the Recommendation (ECF No. 69) is ADOPTED in its entirety;

2.  Respondent's Emergency Motion to Authorize Petitioner's Transfer (ECF No. 60) is GRANTED;

3.  Petitioner's Emergency Motion in Response to the Governments [sic] Brief (ECF No. 67) is DENIED;

4.  Respondent's Motion to Substitute Respondent (ECF No. 72) is GRANTED;

5.  Petitioner's Second Plea for the Court's Intervention and Protection (ECF No. 78) is DENIED;

6.  This Court's Order to Show Cause Why Respondent Should Not be Held in Contempt (ECF No. 75) is DISCHARGED;

7.  Petitioner's Motion for Injunctive Relief (ECF No. 83) is DENIED;

8.  Linda Sanders shall appear as Respondent on the caption of this Order and all future filings; and

9.  No further submissions from either party will be accepted or considered by this Court on the issues disposed of in this Order.

Dated this 25th day of June, 2012.

BY THE COURT:

William J. Martínez
United States District Judge